UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS ANTONIO POW,

    Plaintiff,

v.	CASE NO. 8:24-cv-728-SDM-NHA

CAUSEWAY TRUCK PARKING,
et. al.,

    Defendants.
_____/

**ORDER**

    Appearing *pro se*, Chris Antonio Pow sues (Doc. 1) Causeway Truck Parking, Akram Zikry, and John Doe, and moves (Doc. 2) to proceed *in forma pauperis*. In a well-reasoned report (Doc. 7), the magistrate judge recommends granting the motion to proceed *in forma pauperis*, referring the claim under 11 U.S.C. § 362 to the United States Bankruptcy Court for the Middle District, and dismissing every other claim. Pow objects (Doc. 9) and explains that Pow has four times tried to resolve this claim in bankruptcy court, but, according to Pow, the "bankruptcy court judge in part [breached] her duty of care and loyalty."

    The complaint alleges that Pow owns a truck and a trailer, both used for work, and that Pow pays the defendants for parking in the defendants' lot. According to the complaint, although Pow attempted to pay to the defendants a $1,400 debt, the defendants seized Pow's truck and trailer, together worth more than $1,400. The

complaint states that before the seizure Pow filed for bankruptcy, which automatically stays any action against the filer's property. Pow sues the defendants for, among other claims, violating the automatic stay.

As stated in the report and recommendation, under 11 U.S.C. § 362(a)(3) a filing of bankruptcy stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The stay applies to "the world regardless of whether a party had notice of the bankruptcy filing or of the automatic stay." *In re Reynolds*, 546 B.R. 232, 238 (Bankr. M.D. Fla. 2016). Under § 362(k)(1), the bankruptcy filer can recover actual damages against a person that willfully violates the automatic stay. Under *In re Rozier*, 376 F.3d 1323 (11th Cir. 2004), a person who keeps property despite knowledge of a stay willfully violates the stay. Because Pow alleges that the defendants knew of the stay and kept Pow's property, Pow sufficiently states a claim for a willful violation of the stay.

The report and recommendation correctly states that a district court has discretion to refer an action to bankruptcy court. A Middle District of Florida standing order requires that "all proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district." *In Re: Administrative Orders of the Chief Judge*, 3:21-mc-00001-TJC (Doc. 155). Because this action "arises under" Title 11, the magistrate judge recommends referring this action to a bankruptcy judge. Pow's objection offers no convincing reason to overrule the magistrate judge's recommendation.

For these reasons and for the reasons stated in the report and recommendation, the report and recommendation is **ADOPTED-IN-PART**. The action is **REFERRED** to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, for random assignment to a bankruptcy judge. Upon referral, the clerk must send to the clerk of the bankruptcy court a copy of this order and a copy of the report and recommendation. In the bankruptcy case, Pow must either pay the filing fee or again move to proceed *in forma pauperis*. Each pending motion is **DENIED AS MOOT**. The clerk must close the case.

ORDERED in Tampa, Florida, on December 5, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE